**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**RHODE ISLAND SUBSTANCE ABUSE PREVENTION TASK FORCE ASSOCIATION & WILLIAM J. FLANAGAN**

**v.** **No. 04-1081 C**

**UNITED STATES OF AMERICA**

# AMENDED COMPLAINT

## Introduction

1. As more fully explained below, this action involves Plaintiffs' breach of contract claims against the United States of America.

## Parties and Jurisdiction

2. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation herein pleaded.

3. Plaintiff Rhode Island Substance Abuse Prevention Task Force Association (hereinafter referred to as "Plaintiff" or "the Task Force") was at all times material hereto a non-profit corporation organized under the laws of the State of Rhode Island, and carrying-on business in the State of Rhode Island.

4. Plaintiff William J. Flanagan (referred to as Plaintiff Flanagan") is, and was at all times material hereto, an individual residing at 25 Pulaski Road, Harrisville, Rhode Island and an officer and employee of the Task Force. (Plaintiff and the Task Force shall be hereafter referred to collectively as "Plaintiffs.")

5. United States of America shall be hereinafter referred to as "the United States" or "Defendant."

6. This matter was transferred to this Honorable Court by Order of the United States District Court for the District of Rhode Island in or about May of 2004.

7. This Honorable Court has jurisdiction over the claims asserted against the United States on the grounds that the claims are asserted pursuant to 28 U.S.C. §171.

## Facts

8. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation herein pleaded.

9. At all times material hereto, the Task Force provided training and technical assistance on substance abuse prevention, as well as education, to local task forces from municipalities located in the State of Rhode Island.

10. At all times material hereto, Plaintiff Flanagan has held the position of Program Director of the Task Force.

11. In or about July 1995, the Task Force was awarded two grants administered by the Center for Substance Abuse Prevention (hereinafter referred to as "CSAP"), which grants were aimed at preventing substance abuse through the formation of community-based partnerships and coalitions.

12. During the grant period, Substance Abuse and Mental Health Services Administration (hereinafter referred to as "SAMHSA"), within the United States Department of Health and Human Services, based upon the wrongful decisions of Defendant Jayme Marshall, negligently, wrongfully, and intentionally designated and continues to the present to designate the Task Force as an "exceptional organization," imposed special conditions to monitor the Task Force's fiscal management, and outlined certain corrective measures to be taken by the Task Force.

13. SAMHSA, without justification in law or in fact, and contrary to the terms of the grants, provided little or no funding to the Task Force for either day-to-day operation or long-term grant objectives.

14. SAMHSA, based upon the wrongful decisions and/or advice of Defendant's, its agents and/or its servants and/or its employees, wrongfully terminated the CUP grant on or about March 10, 1997, and wrongfully terminated the CCI grant on or about April 10, 1997 in breach of the terms of the grants.

15. The Task Force appealed the terminations to the Department of Health and Human Services Appeals Board (the "Appeals Board").

16. On January 15, 1998, the Appeals Board reversed the terminations by SAMHSA, finding that SAMHSA had not demonstrated that the Task Force materially failed to comply with the terms and conditions of the grants.

17. In its January 15, 1998 Decision, the Appeals Board found that SAMHSA's allegations with respect to the operation of the CUP grant were "unsubstantiated and without merit," and that the Task Force had complied with the conditions and corrective measures imposed by SAMHSA.

18. Based upon the Appeals Board's finding that there was no basis for the termination of the grants, the Task Force continued to exercise and exhaust its administrative remedies with respect to obtaining funding that was wrongfully withheld by SAMHSA.

19. Thereafter, the Appeals Board issued a second administrative decision on March 5, 1999, and rendered its final administrative action in this matter on August 10, 2000.

## COUNT I

### Breach of Contract

20. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation herein pleaded.

21. The aforesaid grants constituted contracts with Plaintiffs and were in fact, and in law, implied and/or express contracts between Plaintiffs and Defendant.

22. The Task Force at all times material hereto satisfied the terms and all of its obligations of the grants, and of any and all implied and/or express contracts between it and Defendant.

23. Defendants, by and through its agents, and/or employees and/or servants failed, without justification in law or in fact, to tender performance as required by the grants, and otherwise breached its contracts with Plaintiff for the reasons set forth above and as alleged in this Amended Complaint.

24. As a direct and proximate result of Defendants' breach, the Task Force has suffered and will continue to suffer severe and substantial damages.

## COUNT II

25. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation herein pleaded.

26. Plaintiff William J. Flanagan is a third-party beneficiary of the aforesaid grants and/or contracts with Defendant by virtue of his position as Program Director of the Task Force.

27. The aforesaid breach caused Plaintiff Flanagan, as third-party beneficiary, to suffer significant financial damages and harm.

WHEREFORE, Plaintiffs Rhode Island Substance Abuse Prevention Task Force Association and William J. Flanagan respectfully pray that this Honorable Court:

1. Grant judgment in favor of Plaintiffs and against Defendants on each and every Count contained in Plaintiffs' Complaint;

2. Award Plaintiff Rhode Island Substance Abuse Prevention Task Force Association compensatory damages, including past and future damages.

3. Award Plaintiff William J. Flanagan compensatory damages, including past and future damages, loss of earnings, and loss of earning capacity;

4. Award Plaintiffs attorney's fees and costs; and

5. Grant such further relief as this Court deems just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY AS TO ALL COUNTS.**

Plaintiffs,
By their Attorneys,

S/Gregory A. Carrara

Gregory A. Carrara, Esquire #5861
Carrara Dayian PC
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

DATED: September 13, 2004