# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **RHODE ISLAND SUBSTANCE ABUSE PREVENTION TASK FORCE ASSOCIATION and WILLIAM J. FLANAGAN,** | * | |
| **Plaintiffs,** | * | **No. 04-1081C** |
| | | **Filed: January 7, 2005** |
| **v.** | * | |
| **UNITED STATES,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * * * * * * *

**O R D E R**

The court is in receipt of the plaintiffs' December 22, 2004, unopposed motion for an enlargement of time in which to find counsel in the above captioned case. The plaintiffs' motion, filed by the defendant on behalf of the plaintiffs, requests an additional 60 days, in addition to the 59 days previously granted, to find counsel. The court **GRANTS** the plaintiffs' motion and **ORDERS** that, on or before **Friday, February 18, 2005**, the Rhode Island Substance Abuse Prevention Task Force Association (the Association) shall have new counsel file a notice of appearance, or show cause why it should not be dismissed as a plaintiff in this case for failure to adhere to Rule 83.1(c)(8) of the Rules of the United States Court of Federal Claims (RCFC). Also, on or before **Friday, February 18, 2005**, Mr. Flanagan shall have new counsel file a notice of appearance, or indicate that he intends to represent himself, pro se.

The court reminds the plaintiffs that pursuant to RCFC 83.1(c)(8), "[a]n individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney who is admitted to practice in this court. A corporation may only be represented by counsel." (emphasis added). Therefore, while Mr. Flanagan may proceed pro se, the Association must be represented by counsel.

Because public policy strongly favors the prompt disposition of cases by trial courts, and in order to expedite judicial proceedings while preventing undue delays in the disposition of pending cases, federal trial courts have been given broad discretion to dismiss a plaintiff's action with prejudice. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, reh'g denied, 371 U.S. 873 (1962); see also Chambers v. NASCO, Inc., 501 U.S. 32, 43, 44 (describing implied powers of courts to manage their own affairs for the orderly and expeditious disposition of cases, including the power to dismiss a suit for failure to prosecute), reh'g denied, 501 U.S.

1269 (1991); Syntex Ophthalmics, Inc. v. Novicky, 795 F.2d 983, 986 (Fed. Cir. 1986) (affirming dismissal of defendant's counterclaims for failure to appear at trial); Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 590-91 (6th Cir. 2001); Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir. 1999). Several courts have indicated that, although subject to rebuttal, prejudice to the defendant resulting from unreasonable delay or a failure to prosecute may be presumed. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000), cert. denied, 532 U.S. 1007 (2001); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982); Citizens Utils. Co. v. American Tel. & Tel. Co., 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931 (1979).

Furthermore, a court may dismiss a case for failure to prosecute on its own initiative. In addition to the explicit authority set forth in the RCFC 41(b), "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. at 630-31 (footnote omitted); see also Chambers v. NASCO, Inc., 501 U.S. at 43, 44; Lyell Theatre Corp., 682 F.2d at 42-43; Colbert v. United States, 30 Fed. Cl. 95, 97 (1993). The United States Court of Appeals for the Federal Circuit has explicitly adopted the standards articulated in Link. See, e.g., Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180, 1184-85 (Fed. Cir. 1990); Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir.), cert. denied, 476 U.S. 1171 (1986). The court in Kadin stated that, "[i]f [Claims Court] judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical." Kadin Corp. v. United States, 782 F.2d at 177 (quoting Automated Datatron, Inc. v. Woodcock, 659 F.2d 1168, 1170 (D.C. Cir. 1981)); see also Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) ("[C]ourts must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants."). The United States Court of Appeals for the Federal Circuit also stated that this court's exercise of discretion to dismiss a case for failure to prosecute will not be disturbed on appeal "unless upon a weighing of relevant factors we are left with 'a "definite and firm conviction" that the court below committed a clear error of judgment.'" Adkins v. United States, 816 F.2d 1580, 1582 (Fed. Cir. 1987) (quoting Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 917 (Fed. Cir. 1984)).

As noted by the United States Court of Appeals for the Federal Circuit, "dismissal is a harsh sanction ... ." Kadin Corp. v. United States, 782 F.2d at 176; accord Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d at 209. In Kadin, however, plaintiff's and counsel's "entire course of conduct reflected a callous disregard for the rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation." Kadin Corp. v. United States, 782 F.2d at 177. When a plaintiff files a lawsuit in this court, the court must presume that the party intends to prosecute that case to a final resolution in accordance with the Rules of the Court. Failure to conform with the court rules and court orders forces the court to abandon that presumption, and warrants dismissal, with prejudice, pursuant to RCFC 41(b). In the event that the plaintiff, Rhode Island Substance Abuse Prevention Task Force Association fails to have counsel file a notice of appearance on or before Friday, February 18, 2005, the Rhode Island Substance Abuse Prevention Task Force Association will be

dismissed from the case for failure, after due notice, to conform with the rules of this court regarding representation requirements pursuant to RCFC 83.1(c)(8).

The court also is in receipt of the defendant's December 30, 2004, second unopposed motion for an enlargement of time to file a response to the complaint in the above captioned case. The defendant requests a 60-day enlargement of time to appropriately respond to plaintiffs' complaint once they have retained counsel. The court **GRANTS** in part and **DENIES** in part the defendant's motion and **ORDERS** that, on or before **Friday, March 11, 2005**, the defendant shall file a response to the complaint.

Before any dispositive motions are filed in this case, however, the court and the parties will confer at a status conference to discuss further proceedings. The status conference is set for **Thursday, February 24, 2005 at 2:30 pm EST**. Counsel for the defendant and counsel for the plaintiff, Mr. Flanagan, or Mr. Flanagan pro se, as well as counsel for the Association, may appear by telephone. The court will contact defendant's counsel at (202) 307-1011. If a notice of appearance is not filed for the plaintiff, Mr. Flanagan, on or before February 18, 2005, Mr. Flanagan shall provide the court with a phone number where he can be reached for the February 24, 2004 status conference. If new counsel files a notice of appearance for Rhode Island Substance Abuse Prevention Task Force Association and/or Mr. Flanagan, that counsel shall provide the court with a phone number where he or she can be reached for the status conference, also on or before February 18, 2005.

According to e-mail exchanges provided to the court between Mr. Flanagan and the defendant's counsel, Marla Conneely, Mr. Flanagan stated that "If I need to speak with you via telephone I will. Otherwise know I have a phobia of phones . . ." Therefore, although the court believes that, given the current status of this case, an in-person conference is not necessary, Mr. Flanagan may inform the court that he will appear in person. If Mr. Flanagan or counsel for either Mr. Flanagan or the Association indicates an intent to appear in person, defendant's counsel also shall appear in person. The status conference is necessary to determine the course of future proceedings and to ensure that an efficient schedule is set for all parties, avoiding further unnecessary delays.

**IT IS SO ORDERED.**

s/ Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**