# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| **RHODE ISLAND SUBSTANCE ABUSE PREVENTION TASK FORCE ASSOCIATION and WILLIAM J. FLANAGAN,** | * |
| **Plaintiffs,** | * **No. 04-1081C** **Filed: February 24, 2005** |
| **v.** | * |
| **UNITED STATES,** | * |
| **Defendant.** | * |

* * * * * * * * * * * * * * * * * * *

## O R D E R

On September 13, 2004, plaintiffs Rhode Island Substance Abuse Prevention Task Force Association (the Association) and William J. Flanagan, filed a complaint in this court seeking monetary relief for an alleged breach of contract between the Association and the Department of Health and Human Services. Plaintiffs have missed court established deadlines and have failed to appear at a scheduled status conference. Plaintiffs also have failed to contact either the defendant's counsel or the court, despite the court's and defendant's counsel's repeated attempts to contact them and the court's January 7, 2005 order to show cause why plaintiffs' complaint should not be dismissed for failure to prosecute.

For the reasons set forth below, the court orders the action dismissed, with prejudice, pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC), for failure to adhere to the Rules of this court, specifically, Rule 83.1(c), and for failure to prosecute their case.

## Facts

The above-captioned case was transferred to this court on June 30, 2004, from the United States District Court for the District of Rhode Island. After an extension of time for plaintiff's counsel to be admitted to the bar of this court was granted, the plaintiffs filed their complaint on September 13, 2004. Less than forty five days later, plaintiffs' counsel, Mr. Gregory Carrara, filed a motion to withdraw as the attorney of record for the plaintiffs. To address the plaintiffs' counsel's motion, the court held a status conference on November 15, 2004. During that conference, Mr. Carrara stated that there was a breakdown in communication between himself and the plaintiffs, such that Mr. Carrara felt he was unable to

adequately represent them in this matter. Mr. Carrara also stated that it was terribly difficult to contact the plaintiffs, and that his continued representation constituted a significant financial burden upon himself and his law firm, Carrara Dayian, PC.

This court granted Mr. Carrara's request to withdraw as the attorney of record for the plaintiffs, and, by an order issued on November 17, 2004, this court informed the plaintiffs that, pursuant to RCFC 83.1(c)(8), the Association was required to obtain counsel in order to continue with its case. Rule 83.1(c)(8) states: "An individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney who is admitted to practice in this court. A corporation may only be represented by counsel." (emphasis added). Therefore, while Mr. Flanagan may proceeded pro se, the Association must be represented by counsel.

In the November 17, 2004 order, the court ordered the Association to have new counsel file a notice of appearance on or before December 17, 2004, or show cause why it should not be dismissed as a plaintiff in this case for failure to adhere to RCFC 83.1(c)(8). The court also ordered Mr. Flanagan to have new counsel file a notice of appearance on or before December 17, 2004, or indicate his intention to proceed pro se.

Through a series of e-mail communications between Mr. Flanagan and defendant's counsel, Ms. Conneely, Mr. Flanagan told the defendant's counsel that he had a "phobia of phones" and preferred to communicate with her through e-mail. In the same communications, Mr. Flanagan indicated a desire for an extension to the December 17, 2004, deadline, by which the plaintiffs had to obtain new counsel. Mr. Flanagan also indicated his desire for a status conference to discuss his case. The defendant then filed, on the plaintiffs' behalf, a request for an extension of time for the plaintiff to obtain counsel. By an order issued on January 7, 2005, the court granted the plaintiffs' request for an extension and gave the plaintiffs until February 18, 2004 to obtain new counsel or for Mr. Flanagan to indicate his intention to proceed pro se. The order also informed the Association, again, of the requirements of Rule 83.1(c)(8).

The January 7, 2005 order also scheduled a status conference for February 24, 2005. In the order, the court ordered Mr. Flanagan to provide the court, by February 18, 2005, a phone number where he could be reached for the status conference, or indicate his intention to attend in person. By February 22, 2005, both plaintiffs had failed to file a notice of appearance, Mr. Flanagan had not filed a telephone number where he could be reached for the telephone conference, and Mr. Flanagan had not indicated his intentions to appear in person.

On February 22, 2005, in an attempt to accommodate Mr. Flanagan's desire to communicate by e-mail, the court sent an e-mail to Mr. Flanagan and Ms. Conneely, reiterating the instructions of the January 7, 2005 order and asking Mr. Flanagan to contact the court with his intentions to appear at the status conference by telephone or in person. The court never received a response to its e-mail.

On February 24, 2005, the court held its scheduled status conference at 2:30pm. The

defendant's counsel was present in the courtroom and the proceedings were recorded by a court reporter. A copy of the transcript of the conference is available to all parties. The plaintiffs failed to appear. At the beginning of the conference, the defendant's counsel presented the court with a phone number it had for Mr. Flanagan. That phone number was 401-568-6656. The court called that number and the number rang, but no one picked up. The court also called a second number for Mr. Flanagan, 401-568-3212, obtained from a public telephone directory. The court received an answering machine at that number and left a message instructing Mr. Flanagan to contact the court. To date, the court has not heard from Mr. Flanagan. At the conference, the defendant's counsel also relayed the many attempts she had made to contact Mr. Flanagan through e-mail and over the telephone. All of defendant's counsel's attempts had been unsuccessful.

**Discussion**

In light of plaintiff's failure to respond to defendant's phone calls, the court's telephone messages and e-mails, and the court's show cause order, the court dismisses this action pursuant to RCFC 41(b). RCFC 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim." Because public policy strongly favors the prompt disposition of cases by trial courts, and in order to expedite judicial proceedings while preventing undue delays in the disposition of pending cases, federal trial courts have been given broad discretion to dismiss a plaintiff's action with prejudice. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, reh'g denied, 371 U.S. 873 (1962); see also Chambers v. NASCO, Inc., 501 U.S. 32, 43, 44 (describing implied powers of courts to manage their own affairs for the orderly and expeditious disposition of cases, including the power to dismiss a suit for failure to prosecute), reh'g denied, 501 U.S. 1269 (1991); Syntex Ophthalmics, Inc. v. Novicky, 795 F.2d 983, 986 (Fed. Cir. 1986) (affirming dismissal of defendant's counterclaims for failure to appear at trial); Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 590-91 (6th Cir. 2001); Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir. 1999). Several courts have indicated that, although subject to rebuttal, prejudice to the defendant resulting from unreasonable delay or a failure to prosecute may be presumed. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000), cert. denied, 532 U.S. 1007 (2001); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982); Citizens Utils. Co. v. American Tel. & Tel. Co., 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931 (1979).

Furthermore, a court may dismiss a case for failure to prosecute on its own initiative. In addition to the explicit authority set forth in RCFC 41(b), "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. at 630-31 (footnote omitted); see also Chambers v. NASCO, Inc., 501 U.S. at 43, 44; Lyell Theatre Corp., 682 F.2d at 42-43; Colbert v. United States, 30 Fed. Cl. 95, 97 (1993). The United States Court of Appeals for the Federal Circuit has explicitly

adopted the standards articulated in Link. See, e.g., Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180, 1184-85 (Fed. Cir. 1990); Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir.), cert. denied, 476 U.S. 1171 (1986). The court in Kadin stated that, "[i]f [Claims Court] judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical." Kadin Corp. v. United States, 782 F.2d at 177 (quoting Automated Datatron, Inc. v. Woodcock, 659 F.2d 1168, 1170 (D.C. Cir. 1981)); see also Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) ("[C]ourts must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants."). The United States Court of Appeals for the Federal Circuit also stated that this court's exercise of discretion to dismiss a case for failure to prosecute will not be disturbed on appeal "unless upon a weighing of relevant factors we are left with 'a "definite and firm conviction" that the court below committed a clear error of judgment.'" Adkins v. United States, 816 F.2d 1580, 1582 (Fed. Cir. 1987) (quoting Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 917 (Fed. Cir. 1984)).

As noted by the United States Court of Appeals for the Federal Circuit, "dismissal is a harsh sanction ... ." Kadin Corp. v. United States, 782 F.2d at 176; accord Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d at 209. In Kadin, however, plaintiff's and counsel's "entire course of conduct reflected a callous disregard for the rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation." Kadin Corp. v. United States, 782 F.2d at 177. When a plaintiff files a lawsuit in this court, the court must presume that the party intends to prosecute that case to a final resolution in accordance with the Rules of the Court. Failure to conform with the court rules and court orders forces the court to abandon that presumption, and warrants dismissal, with prejudice, pursuant to RCFC 41(b).

In this case, the plaintiffs have flagrantly disregarded the rules and orders of this court. First, the court has provided the plaintiff with fair warning regarding the requirement for the Association to obtain counsel pursuant to RCFC 83.1(c)(8). For more than four months, the Association has disregarded this Rule. The court initially warned the plaintiffs of Rule 83.1(c)(8) on November 17, 2004, and ordered the plaintiff to obtain counsel on or before December 17, 2004. After a 60-day extension to February 18, 2004, the Association has still failed to have counsel file a notice of appearance, and has similarly failed to show cause why its complaint should not be dismissed.

Similarly, Mr. Flanagan has failed to adhere to this court's orders by failing to provide the court with a telephone number where he could be reached for the February 24, 2005 status conference, failing to indicate his intention to proceed pro se or through counsel, and failing to appear at the February 24, 2005 status conference. In short, Mr. Flanagan has made this case unmanageable by failing to respond to numerous phone calls and e-mails sent by this court and defendant's counsel. Additionally, after numerous attempts by the court and defendant's counsel to contact the plaintiffs, Mr. Flanagan and the Association failed to appear at the February 24, 2005 status conference ordered by this court. The plaintiffs' actions demonstrate that they do not want to continue this case.

## Conclusion

For the reasons stated above, the court, in accordance with RCFC 41(b), **ORDERS** that the plaintiffs' complaint be **DISMISSED**, with prejudice, for failure to prosecute in accordance with the rules and order of this court. The clerk of the court shall enter judgment in accordance with this order. No costs.

**IT IS SO ORDERED.**

s/ Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**